**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MOOK IP HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>L1BRE HOLDING LLC, and ESPIRITU SANTO HOLDINGS, LP<br><br>Defendants. | C.A. No. 26-_________<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Mook IP Holdings, LLC ("Mook" or "Plaintiff"), by and through its undersigned attorneys, for its Complaint against defendants Espíritu Santo Holdings, LP ("ES Holdings") and L1bre Holding, LLC ("L1bre") (together, "Defendants"), alleges, on knowledge as to its own actions, and otherwise on information and belief, as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq. (the "Copyright Act"). Mook seeks injunctive and monetary relief for Defendants' unauthorized reproduction, distribution, and use of Mook's copyrighted computer source code developed for the "L1bre System," including the L1bre taximeter, L1bre driver's application, and customer-facing L1bre ride-hailing applications (collectively, the "Mook Source Code" or the "Copyrighted Work").

2. Mook seeks all remedies afforded by the Copyright Act, including permanent injunctive relief, Mook's actual damages and Defendants' profits attributable to their willfully infringing conduct, and such other monetary and equitable relief as the Court deems just.

## THE PARTIES

3. Plaintiff Mook IP Holdings, LLC is organized under the laws of Delaware with a principal place of business at 1000 Island Boulevard, Apt. 1206, Aventura, Florida 33160.

4. Defendant L1bre Holding, LLC ("L1bre") is organized under the laws of the State of Delaware with a registered agent at 1209 Orange St., Wilmington, DE 19801. L1bre is a claimant in the arbitration described below and participated in the unauthorized reproduction, distribution, display, and use of the Mook Source Code.

5. On information and belief, Defendant Espíritu Santo Holdings, LP ("ES Holdings") is a limited partnership organized under the laws of Alberta, Canada. ES Holdings is a claimant in the arbitration described below and working in conjunction with L1bre participated in the unauthorized reproduction, distribution, and use of the Mook Source Code.

## JURISDICTION AND VENUE

6. This action arises under the Copyright Act, 17 U.S.C. § 101 et seq.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because it arises under the laws of the United States, and pursuant to 28 U.S.C. § 1338(a).

8. This Court has personal jurisdiction over Defendant L1bre because L1bre is organized under the laws of the State of Delaware and is therefore at home in, resides in, and may be found within this District.

9. This Court has personal jurisdiction over Defendant ES Holdings because ES Holdings committed and directed acts of copyright infringement within the United States, as alleged herein, thereby purposefully availing itself of the benefits and protections of United States law, and because the exercise of jurisdiction comports with due process.

10. ES Holdings is a foreign entity not resident in, and not subject to the general

jurisdiction of the courts of, any single State of the United States. Because Mook's claim arises under federal law, service of a summons establishes personal jurisdiction over ES Holdings under Federal Rule of Civil Procedure 4(k)(2).

11. Venue is proper in this District under 28 U.S.C. § 1400(a), because Defendants, or their agents, reside in or may be found in this District. Venue is proper as to Defendant L1bre because it is organized under Delaware law and resides in this District. Venue is proper as to Defendant ES Holdings pursuant to 28 U.S.C. § 1391(c)(3) for the additional reason that, as a defendant not resident in the United States, it may be sued in any judicial district.

## FACTUAL BACKGROUND

12. Mook owns the intellectual property rights, including the copyright, in software developed by Mook Consulting, S.A.P.I. de C.V. ("Mook Consulting"), a software developer and systems integrator located in Mexico City, Mexico.

13. Mook is the owner of all copyright rights in the Mook Source Code. Mook has never assigned, transferred, or licensed its copyright in the Mook Source Code to Defendants or to any other person, and has never authorized Defendants to reproduce, distribute, display, or otherwise use the Mook Source Code in the United States.

14. Notwithstanding Mook's exclusive rights, Defendants reproduced, distributed, and used the Mook Source Code in the United States without Mook's authorization or consent, including by making and distributing copies of the Mook Source Code to a testifying expert and by causing the Mook Source Code to be copied, operated, and displayed in connection with an international arbitration proceeding. All of the claims asserted herein arise out of and are based on Defendants' unauthorized copying, reproduction, distribution, and public display of the Copyrighted Work without Mook's consent.

## Mook's Development and Ownership of the Copyrighted Work

15. In 2017, Servicios Digitales Lusad S. de R.L. de C.V. ("Lusad") retained Mook Consulting to perform an audit of technology developed for the "L1bre System." The L1bre System was designed to provide, among other features, real-time tracking information, login data, online storage of travel history, information regarding passengers, drivers, and units, real-time route generation with traffic filtering, monitoring and security functions, trip pricing based on official Mexico City taxi fares, origin-and-destination specification, and payment by credit card, debit card, or cash.

16. In 2018, Lusad further contracted Mook to develop a website for the L1bre System and an appointment system through which taxi drivers could schedule installation of the L1bre System, including the Mexico City taximeter and related hardware, in their taxicabs.

17. Between approximately June and September 2018, Mook's role expanded to a clean-slate redevelopment of the L1bre taximeter, the L1bre driver's application, the L1bre websites, and the customer-facing L1bre taxi-hailing applications for the Android and Apple iOS platforms.

18. Through 2018 and 2019, Mook developed bespoke software and provided Lusad with operational source code for the L1bre System, including mobile software developed for the Android platform (the "Mook Source Code"). The Mook Source Code is wholly original and constitutes copyrightable subject matter under the Copyright Act.

19. Mook is the owner of all right, title, and interest, including all rights under copyright, in and to the Mook Source Code. Mook has not, at any time, assigned, transferred, or licensed its copyright in the Mook Source Code to any other person or entity.

**Copyright Registration**

20. Mook is the owner of a valid and subsisting United States Copyright Registration for the Mook Source Code: Registration Nos. TXu 002571894 for "Mook Backend Dispatch Engine (Version 5)"; TXu 002572086 for "Mook Hybrid Taxi Dispatch System (Version 5)" ; TXu 002573718 for "Mook Hybrid Taxi Dispatch System (Version 5) iOS Application Wrapper"; and TXu 002574925 for "Mook Hybrid Taxi Dispatch System (Version 5) Android Application Wrapper", issued by the United States Copyright Office. True and correct copies of these registrations are attached as Exhibits A–D, to this Complaint.

**Defendants' Unauthorized Reproduction, Distribution, and Use of the Copyrighted Work**

21. Defendants ES Holdings and L1bre are the claimants (the "Claimants") in an arbitration before the International Centre for Settlement of Investment Disputes ("ICSID"), captioned against the United Mexican States, ICSID Case No. ARB/20/13 (the "Arbitration").

22. In May 2020, ES Holdings requested the Arbitration and proceeded with a Memorial on the Merits on September 17, 2021. L1bre joined the Arbitration and filed an addendum to ES Holdings' Claim Memorial on January 28, 2022. Together, Defendants prosecuted the Arbitration.

23. In responding to the position of the United Mexican States, Defendants retained an expert, Joshua Mitchell of Kroll's software forensics team.

24. Defendants made at least one copy of the Mook Source Code and sent at least a copy of an Android-platform portion of the Mook Source Code to Mr. Mitchell.

25. Mr. Mitchell in turn made at least one further copy of the Mook Source Code and operated the Mook Source Code at least once in order to render his expert opinion.

26. On information and belief, these acts of copying and use took place, at least in

part, in the United States.

27. Mr. Mitchell's opinions were set forth in his Expert Report dated November 3, 2022.

28. On November 4, 2022, Defendants filed a Reply on the Merits in the Arbitration that relied heavily on Mr. Mitchell's opinions, which were based on his review and operation of the Mook Source Code, including his evaluation of the code's programming, structure, and features.

29. In April 2024, the ICSID Tribunal held a five-day hearing on the merits.

30. Upon information and belief, in connection with the April 2024 hearing, Defendants made additional copies of the Mook Source Code and distributed those copies for purposes of the hearing.

31. At the April 2024 hearing, Mr. Mitchell gave expert testimony based in large part on his review of the Mook Source Code and demonstrated the L1bre System and its functionality—including by running the Mook Source Code—for the Tribunal.

32. Between at least November 2022 and April 2024, Defendants, directly or through their agents, reproduced the Mook Source Code, distributed copies of the Mook Source Code, and displayed the Mook Source Code and its output within the United States.

33. Defendants' reproduction, distribution, and use of the Mook Source Code was without Mook's authorization, consent, or knowledge, and without any license from or compensation to Mook. Neither Mook nor any predecessor in interest has ever granted Defendants any license or other right to reproduce, distribute, display, or use the Mook Source Code.

34. On information and belief, Defendants' copying, distribution, and use of the

Mook Source Code was willful, and undertaken in disregard of, and with indifference to, Mook's rights. By failing to obtain Mook's authorization and by refusing to compensate Mook, Defendants avoided the license fees and other costs associated with obtaining permission to exploit the Mook Source Code.

35. On information and belief, Defendants retain copies of the Mook Source Code and continue to use and rely upon the Mook Source Code, including in connection with the pending Arbitration, and threaten to continue their infringing conduct unless enjoined.

**COUNT I — COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

36. Mook repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

37. The Mook Source Code is an original work of authorship fixed in a tangible medium of expression and constitutes copyrightable subject matter under the Copyright Act.

38. Mook is the owner of valid and registered copyrights in the Mook Source Code.

39. As the owner of the copyrights, Mook holds the exclusive rights, among others, to reproduce the Copyrighted Work in copies and to distribute and publicly display the Copyrighted Work, including screen display of the output of the Copyrighted Work.

40. Defendants infringed Mook's copyrights by reproducing, distributing, displaying, and operating the Mook Source Code, and by causing the Mook Source Code to be reproduced, distributed, displayed, and operated, in the United States without Mook's authorization, in violation of Mook's exclusive rights under 17 U.S.C. § 106.

41. Anyone who violates any of the exclusive rights of the copyright owner is an infringer of the copyright.

42. Defendants' acts of infringement were committed within the United States and while Mook was, and is, the owner of the copyrights in the Mook Source Code.

43. On information and belief, Defendants' infringement was willful.

44. As a direct and proximate result of Defendants' infringement, Mook has suffered, and will continue to suffer, damages.

45. Defendants have profited and will continue to profit from their infringing conduct. Mook is entitled to recover its actual damages and Defendants' profits attributable to the infringement.

46. Defendants' infringing conduct is causing, and unless enjoined will continue to cause, irreparable harm to Mook for which there is no adequate remedy at law. Mook is entitled to permanent injunctive relief pursuant to 17 U.S.C. § 502 to prevent and restrain further infringement of its copyright.

## JURY DEMAND

Plaintiff Mook IP Holdings, LLC hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mook IP Holdings, LLC respectfully requests that the Court enter judgment in its favor and against Defendants Espíritu Santo Holdings, LP and L1bre Holding, LLC as follows:

A. Adjudging that Defendants have infringed Mook's copyright in the Mook Source Code in violation of 17 U.S.C. § 501;

B. Permanently enjoining Defendants, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from reproducing, distributing, displaying, using, or otherwise exploiting the Mook Source Code, and requiring Defendants to deliver up for destruction or return all copies of the Mook Source Code in their possession, custody, or control, pursuant to 17 U.S.C. § 502;

C. Awarding Mook its actual damages and Defendants' profits attributable to the

infringement pursuant to 17 U.S.C. § 504(b), in an amount to be determined at trial;

D. Awarding Mook its full costs and reasonable attorneys' fees to the extent permitted under 17 U.S.C. § 505;

E. Awarding Mook pre-judgment and post-judgment interest and costs as permitted by law; and

F. Granting Mook such other and further relief as the Court deems just and proper.

Date: November 17, 2026

**SMITH KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
ncb@skjlaw.com
dat@skjlaw.com

*Counsel for Plaintiff Mook IP Holdings, LLC*